UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE ANTHONY JARAMILLO,<br><br>Plaintiff,<br><br>v.<br><br>T. TAPPAN, et al.,<br><br>Defendants. | No. 2:22-cv-00075-WBS-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions to compel, for sanctions, and for appointment of counsel (ECF Nos. 37, 38, 40, 41, 43, 45), and defendant's motion to modify the schedule (ECF No. 44).

**I.    Background**

The case proceeds on plaintiff's complaint (ECF No. 1), which the court found to state a potentially cognizable Eighth Amendment excessive force claim against defendant Tappan. ECF No. 8. Plaintiff served discovery requests, including requests for production of documents (RFPs), on defendant on June 27, 2022. On August 15, 2022, the court granted defendant's request for an extension of time to respond to the discovery requests, giving him until September 9, 2022. ECF No. 34.

The parties do not dispute that defendant has failed to produce all responsive records to some of plaintiff's RFPs. Plaintiff asks the court to compel defendant to respond and to sanction

defendant for failing to respond. ECF Nos. 38, 39. Defendant asks the court to deny plaintiff's motions and to extend the dispositive motion deadline (currently January 27, 2023) by 90 days. ECF Nos. 39, 44.

**II.  Plaintiff's Motion for Appointment of Counsel and Letter Regarding Witnesses**

Plaintiff has filed two motions for appointment of counsel as well as a letter informing the court of difficulties plaintiff has faced in obtaining information from three correctional officer witnesses and video footage of the incident that is the subject of this case. ECF Nos. 40, 41, 43. To the extent that this bears on the request for appointment of counsel, it does not establish that such appointment is warranted at this point. Defense counsel has represented to the court that she is in the process of arranging with the California State Prison, Sacramento litigation coordinator to permit plaintiff to view the video footage; should she fail to make such arrangement within the new discovery deadline provided in this order, below, plaintiff may file another motion to compel seeking the footage. To the extent that plaintiff requires information from witnesses, he must use the processes provided for by the institution or the Federal Rules of Civil Procedure (e.g., Rule 31) to obtain that information. Should these processes fail, plaintiff may file a motion seeking assistance from the court.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case and will accordingly deny the pending motions for appointment of counsel.

/////

/////

### III. The Pending Discovery Motions

Defendant argues that the motion to compel should be denied because plaintiff has not identified which requests are the subjects of his motion, which responses are inadequate, or which records he seeks that defendant has not produced. Defendant represents that he is in the process of producing records responsive to plaintiff's requests numbered 4, 5, 7, 8, 9, 12, 13, and 14. According to defense counsel, the litigation coordinator at California State Prison, Sacramento (where, apparently, many records responsive to plaintiff's requests are located) stated on December 21, 2022 that the prison had been recently inundated with discovery requests and would need at least an additional 30 days to obtain the responsive records. ECF No. 39 at 5. Defense counsel represents that the delay is "due to inadvertent oversight and workload issues at CSP-SAC, and not due to bad faith for any improper purpose." *Id.* at 6.

Defendant requests that the dispositive motion deadline be moved to April 27, 2023, because he has not yet been able to produce all responsive records to plaintiff's RFPs "despite continued efforts to try and obtain these documents from the institution." ECF No. 44 at 3. Defense counsel represents that she has been informed that CSP-Sac is working on gathering the responsive records and hopes to produce them to plaintiff in the next 30 days. *Id.* at 6.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Because it appears that defense counsel has been working toward producing records responsive to plaintiff's RFPs, and because plaintiff has not specifically identified which RFPs he would like the court to compel responses to, the court denies the motions to compel and for sanctions at this time. The court will grant the motion to modify the schedule not just to reset the dispositive motion deadline (as defendant requests) but also to provide a hard deadline for

defendant to complete his responses to plaintiff's RFPs.  Should defendant fail to provide responses by the new deadline, plaintiff may again seek to compel responses.

### IV.     Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's December 2, 2022 motion to compel (ECF No. 37) and December 2, 2022 and February 2, 2023 motions for sanctions (ECF Nos. 38 & 45) are DENIED without prejudice;

2. Plaintiff's December 23, 2022 and January 17, 2022 motions for appointment of counsel (ECF Nos. 40 and 43) are DENIED;

3. Defendant's January 26, 2023 motion to modify the schedule (ECF No. 44) is GRANTED and the schedule is hereby modified as follows:

   a. The parties shall have until March 6, 2023 to conduct discovery.  Should defendant be unable to respond to plaintiff's document production requests by that date, defendant must seek to extend the deadline with a showing of good cause.

   b. The parties shall have until March 20, 2023 to file any motions to compel discovery responses.  Any such motion must identify the discovery responses which are the subject of the motion.

   c. The parties shall have until April 27, 2023 to file dispositive motions.

   d. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

/////

e.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: February 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE