UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDIE ANTHONY JARAMILLO,                    No.  2:22-cv-00075-WBS-EFB (PC)

        Plaintiff,

    v.                                                          ORDER

T. TAPPAN, et al.,

        Defendants.

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently pending before the court are plaintiff's requests to propound additional interrogatories on defendant (ECF No. 46), to depose a non-party witness on written questions (ECF No. 47), for the issuance of a subpoena for the appearance at deposition and production of documents by a non-party witness (ECF No. 48), and for appointment of counsel (ECF No. 50).

**I.      Background**

The case proceeds on plaintiff's complaint (ECF No. 1), which the court found to state a potentially cognizable Eighth Amendment excessive force claim against defendant Tappan.  ECF No. 8.  Plaintiff served discovery requests, including requests for production of documents (RFPs), on defendant on June 27, 2022.  On August 15, 2022, the court granted defendant's request for an extension of time to respond to the discovery requests, giving him until September 9, 2022.  ECF No. 34.

In prior discovery motions, the parties did not dispute that defendant had failed to produce all responsive records to some of plaintiff's document requests.  In addition, defense counsel represented to the court that she was in the process of arranging with the California State Prison, Sacramento litigation coordinator to permit plaintiff to view video footage of the incident that is the subject of this case.  In reliance on these representations, the court extended the discovery deadline to March 6, 2023.  ECF No. 49.

In his current motions, however, plaintiff states that he has tried to view the video evidence, which he contends consisted of footage from two separate cameras.  ECF No. 50.  According to plaintiff, prison officials have refused to allow him to view the video footage.  *Id.*  Plaintiff contends that official responses to his administrative appeals show that, "at some point, [the footage] was altered from 2 cameras footage to one."  *Id.*  Plaintiff now seeks to depose CSP-Sac Correctional Officer A. Padilla, who transferred the footage to a disc that he then placed inside a locker, and CSP-Sac Sergeant A. Morales, who was the last person to handle the disc collected by Padilla.  ECF Nos. 47, 48.  Plaintiff also seeks documents from Padilla.  ECF No. 48.  Defendant has filed no oppositions or statements of non-opposition to plaintiff's motions.

## II.      The Pending Discovery Motions

Request for Additional Interrogatories.  On February 2, 2023, prior to the discovery cut-off of March 6, 2023, plaintiff filed a request to serve additional interrogatories on defendant.  ECF No. 46.  This request was improper – plaintiff must issue his discovery requests to defendant, not the court.  Discovery requests are not to be filed in court unless relevant to an issue that arises in a motion or at trial.  E.D. Cal. L.R. 250.2(c).

The discovery deadline has once again passed, however, and it remains clear that the parties have not completed the discovery process.  Defendant's failure to respond to plaintiff's motions leaves the court with insufficient information to determine whether defendant has responded to plaintiff's discovery in good faith, whether the workload issues with CSP-Sac staff continue to thwart discovery in this case, or whether there is some other cause of the continued discovery issues.  Accordingly, the court will modify the schedule as provided in the order, below, to allow one last opportunity for plaintiff to obtain the information he needs from

2

1    defendant and other witnesses.  If plaintiff wishes to propound additional interrogatories on

2    defendant, he may use this opportunity to do so.

3            <u>Request for Deposition on Written Questions.</u>  Plaintiff has filed a request to depose A.

4    Padilla by written questions pursuant to Federal Rule of Civil Procedure 31.  ECF No. 47.  A

5    party need not obtain leave of court to depose a witness by written questions except in certain

6    instances not present here.  Fed. R. Civ. P. 31(a).  Thus, as with other discovery, the court is

7    generally not involved in the process unless a dispute arises between the parties.  One court has

8    described the general process:

9            The prisoner would send out a notice of deposition that identifies (a) the deponent
             (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact
10           questions to be asked of the witness, and (d) the date and time for the deposition
             to occur. The defendant would have time to send to the prisoner written cross-
11           examination questions for the witness, the prisoner would then have time to send
             to defendant written re-direct questions for the witness, and the defendant would
12           have time to send to the prisoner written re-cross-examination questions for the
             witness. When all the questions --without any answers-- are ready, the prisoner
13           would send them to the deposition officer and the officer would take the
             deposition of the witness. (The deposition officer can be any person authorized by
14           law to administer oaths, see Fed. R. Civ. P. 28(a), such as a notary public and
             need not be a court employee.) The questions are read by the deposition officer,
15           the responses are reported by a court reporter and the transcript is prepared as it
             would be for an oral deposition. The deposition officer does not stray from the
16           written script of questions and asks only those questions that are on the list from
             the prisoner and defendant. To depose a non-party on written questions, that
17           witness must be subpoenaed. To obtain a deposition upon written questions, the
             prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee,
18           and the cost of a transcript of the proceedings. The procedure is not much cheaper
             than an oral deposition unless there are substantial travel expenses that would be
19           incurred to bring the witness to the prisoner or the prisoner to the witness.

20   *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 U.S. Dist. LEXIS 56903, at *7-9 n.2 (N.D. Cal. July

21   27, 2007).

22           The Rule 31 process can be arduous and expensive for a pro se prisoner litigant, as the in

23   forma pauperis statute (28 U.S.C. § 1915) does not waive witness fees or expenses or subsidize

24   the cost of deposition officers or court reporters.  *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993);

25   *Orr v. Hernandez*, No. CV-08-472-JLQ, 2011 U.S. Dist. LEXIS 135569, at *3-4 (E.D. Cal. Nov.

26   22, 2011).

27           Because of these difficulties, at least one court in this district developed a flexible

28   approach to Rule 31 depositions sought by prisoner-plaintiffs "pursuant to its authority to order

such terms as will provide for the safe and expeditious taking of depositions." *Brady v. Fishback*, No. 1:06-cv-00136 ALA (P), 2008 U.S. Dist. LEXIS 124414, at *5-7 (E.D. Cal. Apr. 30, 2008). In *Brady*, the court granted the prisoner-plaintiff leave to proceed with a deposition by written questions by submitting a list of questions for each witness to the court and serving a copy of the questions on defendants.  The plaintiff was also required to file a notice of deposition for each individual that listed his or her current address.  Defendants were then permitted to object to any questions.

After the court determined the propriety of the questions, it forwarded them to the deponent.  The deponent was required to write out answers to the questions on the forms provided by the plaintiff, swear to their truthfulness by verification, and return them to the court.  The Clerk of the Court then forwarded copies of the answers to the parties.  The court directed counsel for defendants to "provide such assistance as is required within and without the prison to effectuate this order." *Id.*

This process appears fair where, as here, plaintiff has attempted to obtain clearly relevant evidence from prison officials (i.e., all video footage of the incident and all documents relating to the chain of custody of that footage) through other methods and such evidence has apparently not been provided.  Accordingly, the order, below, will direct the Clerk to provide plaintiff with a subpoena form for Mr. Padilla and will provide a schedule for the parties to move forward with the process developed by the *Brady* court.

Request for Subpoena.  Plaintiff also asks the court for a Federal Rule of Civil Procedure 45 subpoena directed to Sergeant A. Morales directing him to appear for deposition and to produce certain documents related to the chain of custody of the surveillance footage.  ECF No. 48.  Plaintiff's filing indicates that he would be satisfied with a deposition upon written questions of Mr. Morales.  The court will therefore treat this request similarly to the request regarding Mr. Padilla.  The court will direct the Clerk to provide plaintiff with a subpoena form for Mr. Morales and will provide a schedule for his deposition upon written questions.

////

////

4

### III.    Plaintiff's Motion for Appointment of Counsel

Plaintiff again seeks appointment of counsel.  ECF No. 50.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case and will accordingly deny the pending motions for appointment of counsel.

### IV.    Order

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's February 10, 2023 motion for appointment of counsel (ECF No. 50) is DENIED.

2.  Plaintiff's February 2, 2023 request for interrogatories (ECF No. 46) is DENIED. Plaintiff may propound interrogatories on defendant prior to the close of the discovery window, provided below.

3.  Plaintiff's February 2, 2023 request for a deposition on written questions to A. Padilla (ECF No. 47) and February 6, 2023 request for a deposition on written questions to A. Morales (ECF No. 48) are GRANTED.

    a.  The Clerk of Court is directed to provide plaintiff with two blank subpoena forms.

    b.  Plaintiff shall fill out and return the subpoena forms, along with a document setting out proposed questions for each witness, with space provided for the answers, no later than April 3, 2023.  Plaintiff shall serve a copy of the proposed questions on defendant.

c.  Defendant may object to plaintiff's proposed questions no later than April 17, 2023.

d.  Upon determination of permissible questions by the court, the Clerk shall forward copies of the questions to the non-party deponents;

e.  Upon receipt of the questions, the non-party deponents shall write out his or her answers in the form provided by plaintiff and return them to the court – along with any properly subpoenaed documents – no later than twenty-one days after service by the Clerk.  The non-party deponents shall verify the truthfulness of their answers.

f.  The Clerk shall serve the responses and responsive documents on the parties upon their receipt by the court.

g.  Defense counsel is directed to provide such assistance as is required within and without the prison to effectuate this order.

4.  The schedule is hereby modified as follows:

a.  The parties shall have until June 5, 2023 to conduct discovery.

b.  The parties shall have until June 19, 2023 to file any motions to compel discovery responses.  Any such motion must identify the discovery responses which are the subject of the motion.

c.  The parties shall have until August 3, 2023 to file dispositive motions.

d.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

/////

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: March 30, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7