UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE ANTHONY JARAMILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>T. TAPPAN,<br><br>        Defendant. | No. 2:22-cv-00075-WBS-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for summary judgment. ECF No. 53. Defendant has argued that the motion was prematurely filed because the discovery period was still open. ECF No. 54. Defendant, however, is incorrect. Federal Rule of Civil Procedure 56(b) states that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." While this court has set a deadline for dispositive motions (ECF No. 54), it has not stated that the parties were unable to file dispositive motions prior to the close of discovery. Accordingly, plaintiff's motion for summary judgment is not premature and may be considered on the merits.

Defendant, however, does not address plaintiff's motion on the merits, but rather argues (in addition to arguing that the motion is premature), that plaintiff has not submitted evidence in support of his motion. ECF No. 56. Specifically, defendant maintains that plaintiff did not

submit copies of the video evidence upon which plaintiff relies. *Id.* at p. 4. Notably, defendant acknowledges that defense counsel has possession of the video, and states that while he has allowed plaintiff to view it, a copy was not made available to plaintiff due to his incarceration status. Defendant also avers in a footnote – without submitting a supporting declaration – that "defendant has not received a request from Plaintiff to assist him with making a copy of the video available to the Court." *Id.* at p. 4, fn 1.

Defendant's argument that plaintiff's motion must be denied because plaintiff has not submitted evidence that defendant admits is in his possession and not available to plaintiff due to his incarcerated status is disingenuous. Plaintiff has maintained that the evidence on the video is dispositive to his factual contentions; if defendant believes otherwise, he should have submitted the video in opposition to the motion for summary judgment. Accordingly, since plaintiff's motion is not premature and defendant is in possession of the evidence in question, defendant is ORDERED to file an opposition addressing plaintiff's motion for summary judgment (ECF No. 53) on the merits within fourteen days of the date of this order.[1] In addition, defendant is ORDERED to produce a copy of the video in question to the court.

Plaintiff has also filed a motion seeking assistance from the court. ECF No. 52. Certain issues raised by plaintiff in this motion were addressed by the court in its order dated March 30, 2023 (ECF No. 54), which addressed plaintiff's motions filed at ECF Nos. 46, 47, 48, and 50. For example, in ECF No. 52, plaintiff requests to serve additional interrogatories, a request that the court addressed in ECF No. 54, stating that "[i]f plaintiff wishes to propound additional interrogatories on defendant, he may use this opportunity to so." *Id.* at p. 3.

Plaintiff also requests assistance in proceeding with depositions on written questions of N. Faye, Sgt. A. Morales,[2] L.T. Manes, and T. Kuczmaski, in regards to Incident Report RVR Log # 04672. In ECF No. 54, the court detailed the applicable process for depositions by incarcerated

---

[1] If defendant wishes to continue the motion, he may formally request do so in accordance with Rule 56(d).

[2] This court has already granted plaintiff's request to depose A. Morales. ECF No. 54 at p. 5.

2

pro se plaintiffs. *Id.* at p. 4 (citing *Brady v. Fishback*, No. 1:06-cv-00136 ALA (P), 2008 U.S. Dist. LEXIS 124414, at *5-7 (E.D. Cal. Apr. 30, 2008)). In *Brady*, the court granted the prisoner-plaintiff leave to proceed with a deposition by written questions by submitting a list of questions for each witness to the court and serving a copy of the questions on defendants. The plaintiff was also required to file a notice of deposition for each individual that listed his or her current address. Defendants were then permitted to object to any questions.

After the court determined the propriety of the questions, it forwarded them to the deponent. The deponent was required to write out answers to the questions on the forms provided by the plaintiff, swear to their truthfulness by verification, and return them to the court. The Clerk of the Court then forwarded copies of the answers to the parties. The court directed counsel for defendants "to provide such assistance as is required within and without the prison to effectuate this order." *Id.* Accordingly, as it has previously done in this matter, the court will below direct the Clerk to provide plaintiff with subpoena forms for N. Faye, L.T. Manes, and T. Kuczmaski, and will provide a schedule for the parties to move forward with the process developed by the *Brady* court.

Finally, plaintiff requests that defendant provide plaintiff with his Central File (C-File). It is the court's understanding that plaintiff is entitled to submit a request for a copy of his C-File with his correctional counselor, or by filling out the appropriate CDCR forms; plaintiff should utilize the appropriate procedures available to him in order to access his C-File.

Accordingly, it is hereby ORDERED that:

1. Defendant is ORDERED to submit an opposition on the merits to plaintiff's motion for summary judgment (ECF No. 53) within fourteen days of the date of this order. In addition, defendant is ORDERED to submit a copy of the video referenced in plaintiff's motion to the court along with the opposition.
2. Plaintiff may propound interrogatories on defendant in accordance with the discovery deadlines detailed below.
3. Plaintiff's requests for depositions of N. Faye, L.T. Manes, and T. Kuczmaski (ECF No. 52) are GRANTED.

a. The Clerk of Court is directed to provide plaintiff with three blank subpoena forms.

b. Plaintiff shall fill out and return the subpoena forms, along with a document setting out proposed questions for each witness, with space provided for the answers, no later than seven days from the date of this order. Plaintiff shall serve a copy of the proposed questions on defendant.

c. Defendant may object to plaintiff's proposed questions no later than seven days after service of the proposed questions.

d. Upon determination of permissible questions by the court, the Clerk shall forward copies of the questions to the non-party deponents.

e. Upon receipt of the questions, the non-party deponent shall write our his or her answers in the form provided by plaintiff and return them to the court – along with any properly subpoenaed documents – no later than seven days after service by the Clerk. The non-party deponents shall verify the truthfulness of their answers.

f. The Clerk shall serve the responses and responsive documents on the parties upon their receipt by the court.

g. Defense counsel is directed to provide such assistance as is required within and without the prison to effectuate the order.

4. Plaintiff's motion to require defendant to provide plaintiff with a copy of plaintiff's C-File (ECF No. 52) is DENIED. Plaintiff is directed to utilize the CDCR procedures available to him to access his C-File.

5. The discovery schedule set out in ECF No. 54 is hereby modified as follows:

a. The parties may conduct discovery until September 29, 2023. Any motions necessary to compel discovery shall be filed by that date. All written requests for discovery (including plaintiff's interrogatories) shall be served not later than July 28, 2023.

/////

4

  b. The parties shall have until November 3, 2023 to file dispositive motions.

  c. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59, and 60, and Local Rule (L.R.) 110 shall be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to the motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  L.R. 230.  Oppositions to all other motions need to be filed only as directed by the court.

  d. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: July 12, 2023.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE