UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE ANTHONY JARAMILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>T. TAPPAN,<br><br>    Defendant. | No. 2:22-cv-00075-WBS-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. ECF No. 1. In screening the complaint pursuant to 28 U.S.C. § 1915A(a), the court determined that plaintiff alleged a potentially cognizable Eighth Amendment claim for excessive force against defendant Tappan. ECF No. 8. Claims against defendants R. Ehlers, Faye, and Lieutenant Manes were dismissed with leave to amend. *Id.* Plaintiff opted not to amend his complaint, and a discovery schedule was entered. ECF Nos. 11 & 29. Plaintiff now moves for summary judgment (ECF No. 53), a motion which defendant has opposed. ECF No. 60. For the reasons that follow, plaintiff's motion for summary judgment must be DENIED.

**I.    The Complaint**

Plaintiff alleges that defendant Tappan beat plaintiff's right hand with his baton while plaintiff's hand was in the tray slot in his cell. ECF No. 1 at 3. According to plaintiff, Tappan hit him six times before plaintiff could remove his hand. *Id.* As a result of the alleged beating,

1

plaintiff suffered a broken finger, multiple lacerations, and deep bone and tissue bruising in his fingers. *Id.* Plaintiff also has continuing pain and suffering. *Id.* Plaintiff claims that defendant's actions constituted cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* at 4.

## II. The Parties' Factual Contentions and Evidence

Plaintiff claims that discovery in this matter establishes that defendant used excessive force during the incident in question. Specifically, plaintiff maintains that video footage of the incident supports his allegations that defendant's assault was unprovoked. ECF No. 60-5. Defendant counters that when he reached through the food port to collect plaintiff's food tray, plaintiff thrust his right hand through that port and grabbed and squeezed defendant's right hand. ECF No. 60-2; Decl. of T. Tappan (hereinafter "Tappan Decl.") at ¶ 5. According to defendant, he ordered plaintiff to let go of his hand, and that only after plaintiff refused did defendant strike plaintiff's hand with his baton. *Id.* at ¶¶ 6-10. Defendant also avers that his hands showed scratching, redness, and swelling after the incident. *Id.* at ¶ 13. According to defendant, the video evidence that plaintiff relies upon is ambiguous, and thus there are genuine issues of material fact that preclude summary judgment for plaintiff.

## III. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to

"'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

   A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures.  Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own.  When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See id*. at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id*. at 323.

   To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead

a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

### IV. Excessive Force Standard

To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must demonstrate that prison officials applied force maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court evaluates (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotation marks and citations omitted).

### V. Analysis

Plaintiff has not established that he is entitled to summary judgment on his claim of excessive force. The Supreme Court has held that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (affirming that a court weighing a summary judgment motion must assume the truth of the evidence set forth by the nonmoving party). As discussed below, the defendant here has established that there is a genuine issue of material fact regarding whether defendant used excessive force, because the evidence is disputed as to whether plaintiff grabbed defendant's hand before defendant struck plaintiff with his baton.

Plaintiff motion for summary judgment is primarily predicated on video evidence; plaintiff argues that the video establishes conclusively that he did not grab defendant's hand and thus defendant had no justification to use force. *See Hudson*, 503 U.S. at 6-7. Defendant disputes that version of the facts and counters that there is a triable issue of fact over whether he struck

5

plaintiff only after plaintiff grabbed his hand (Tappan Decl. ¶¶ 5-10).

The court has reviewed the video evidence (ECF No. 60-5) and concludes that it is not conclusive as the core issue of whether plaintiff grabbed defendant's hand. On the video, after plaintiff appears to insert his hand into the food port, defendant moves in such a way that his body blocks the camera's view of the food port. While the video does indicate that defendant struck plaintiff's hand multiple times (as defendant has admitted), it does not show what happened in the food port prior to the strikes. A reasonable fact finder could, consistent with what is shown on the video, credit either plaintiff's or defendant's interpretation of the video and explanation for what occurred. As such, there is a genuine dispute as to whether defendant was justified in using force, and whether that force was in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010) ("core judicial inquiry" on an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). This dispute precludes summary judgment. *See LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000) ("If . . . there is a material dispute as to the facts regarding what the officer or the plaintiff actually did, the case must proceed to trial.").

**V.     Recommendation**

For those reasons, it is RECOMMENDED that plaintiff's March 28, 2023 motion for summary judgment (ECF No. 53) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

/////

/////

/////

1   Failure to file objections within the specified time may waive the right to appeal the
2  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
3  951 F.2d 1153 (9th Cir. 1991).

5  Dated: February 9, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE